J-E03007-16

2017 PA Super 281

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | |
| MARC PERFETTO, | : | |
| | : | |
| Appellee | : | No. 2479 EDA 2015 |

Appeal from the Order July 13, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0013338-2014

BEFORE: BENDER, P.J.E., BOWES, PANELLA, LAZARUS, OTT, STABILE,
DUBOW, MOULTON, and RANSOM, JJ.

DISSENTING OPINION BY DUBOW, J.:               **FILED AUGUST 30, 2017**

This case involves the issue of the applicability of the compulsory joinder rule set forth in 18 Pa.C.S. § 110 ("Section 110") when the Commonwealth has charged a defendant with both summary and misdemeanor traffic offenses. I respectfully dissent and disagree with the Majority's analysis because the legislation setting forth the jurisdiction of Municipal Court vests jurisdiction to hear both types of offenses in not only in Municipal Court as a whole, but also the General Division of Municipal Court. Therefore, since the Commonwealth could have prosecuted the Appellee for both types of charges in the General Division of Municipal Court, but instead attempted to prosecute him in the different divisions of Municipal Court, Rule 110 bars the Commonwealth from now prosecuting the

misdemeanor charges. I would affirm the trial court's grant of the Motion to Dismiss.

Section 110 protects a defendant's double jeopardy rights where the Commonwealth initially declines to prosecute the defendant for the present offense, electing to proceed on different charges stemming from the same criminal episode. **Commonwealth v. Laird**, 988 A.2d 618, 628 (Pa. 2010) (citations omitted).

Section 110 serves two major policies of protecting defendants from governmental harassment and promoting judicial economy:

> [T]o protect accused persons from governmental harassment of undergoing successive trials for offenses stemming from the same episode, and to promote judicial economy and finality by avoiding repetitious litigation. By requiring compulsory joinder of all charges arising from the same criminal episode, a defendant need only once run the gauntlet and confront the awesome resources of the state.

**Commonwealth v. George**, 38 A.3d 893, 896 (Pa. Super. 2012) (internal citations and quotation marks omitted).

We must strictly construe the compulsory joinder statute, which is a penal statute pursuant to 1 Pa.C.S. § 1928(b)(1). **Commonwealth v. Fithian**, 599 Pa. 180, 961 A2d 68, 74. Although we need not give the words of the compulsory joinder statute their narrowest meaning or entirely disregard legislative intent, "if an ambiguity exists in the verbiage of a penal statute, such language should be interpreted in the light most favorable to the accused." **Id.** (citations omitted). "[W]here doubt exists concerning the

proper scope of a penal statute, it is the accused who should receive the benefit of such doubt." *Id.* (citations and quotation omitted).

Section 110 provides that if the Commonwealth prosecutes a defendant on certain charges, the Commonwealth is barred from prosecuting the defendant again on charges stemming from the same criminal episode if the Commonwealth could have prosecuted the defendant on the other charges in the first prosecution:

> **§ 110. When prosecution barred by former prosecution for different offense**
>
> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1)  The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title . . . and the subsequent prosecution is for:
>
>> (i)  **any offense of which the defendant could have been convicted on the first prosecution;** [or]
>>
>> (ii)  any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 a.C.S. § 110 (emphasis added).

The issue in this case, therefore, deals with whether the former prosecution resulted in an acquittal or in a conviction and the subsequent prosecution is for "**any offense of which the defendant could have been convicted on the first prosecution.**" Section 110(a)(i). In other words, was there a jurisdictional bar that prevented the Commonwealth from prosecuting the defendant for all offenses in one proceeding.

More specifically and as applied to this case, the Commonwealth prosecuted the Appellee for a summary traffic offense in Traffic Division of Municipal Court and deferred prosecuting him for the misdemeanor charges. The issue in this case, therefore, is whether the **court** that convicted the defendant on the summary offenses had the jurisdictional authority to convict him of the misdemeanor offenses. As discussed in greater detail below, we conclude that because the Appellee was convicted in Municipal Court and Municipal Court had jurisdiction to adjudicate both summary and misdemeanor charges, Rule 110 barred the prosecution of the misdemeanor offenses.[1]

---

[1] My analysis of the jurisdictional issue differs from the Majority in that the Majority concludes that under Rule 110, "jurisdiction is no longer an element of the compulsory joinder test," but concludes is still "implicit to any compulsory joinder analysis." I disagree. Rule 110(i) clearly imposes the jurisdictional requirement by providing that the compulsory joinder rule applies if the defendant "could have been convicted" in the first prosecution.

Before 2013, Philadelphia had two separate courts that dealt with summary and misdemeanor traffic offenses. Summary traffic offenses could only be heard in Traffic Court and misdemeanor traffic offenses could only be heard in Municipal Court. In particular, the legislature vested in Traffic Court "jurisdiction of **all prosecutions for summary offenses arising under . . . Title 75.**" 42 Pa.C.S.A 1302 (a)(i). Similarly, the legislature vested in Philadelphia Municipal Court jurisdiction to hear "criminal offenses by any person . . . for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years, **including indictable offenses under Title 75.**" 42 Pa. C.S.A. 1123(a)(2). Because the legislature vested Traffic Court with jurisdiction "of all prosecutions for summary offense arising under . . . Title 75," the Commonwealth could only prosecute summary offenses in Traffic Court and misdemeanor traffic offenses in Municipal Court. Therefore, the Commonwealth did not violate Rule 110 by prosecuting both types of traffic offenses in different courts. ***See***, ***e.g.***, ***Commonwealth v. Masterson***, 418 A.2d 664, 666 (Pa. Super. 1980).

In 2013, the legislature enacted legislation that abolished Traffic Court and transferred the jurisdiction of summary traffic offenses to Municipal

---

In other words, if the **court** that adjudicated the defendant in the first prosecution "could have" adjudicated the charges that Commonwealth tries to prosecution in the second prosecution, Rule 110 bars the subsequent prosecution.

Court. More specifically, the new legislation granted to Municipal Court the jurisdiction to hear "prosecutions for summary offenses arising under . . . Title 75." 42 Pa.C.S.A. 1123(a)(9). As a result of this amendment, one single court, Municipal Court, had jurisdiction over both summary and misdemeanor traffic offenses.

The legislation also created a new division of Municipal Court: the Traffic Division. 42 Pa.C.S.A. 1121. As a result, Municipal Court has two divisions: the General Division and the Traffic Division. The Traffic Division has jurisdiction over summary traffic offenses:

> The Traffic Division shall, at the direction of the President Judge of the Philadelphia Municipal Court, exercise jurisdiction under section 1123(a)(9).

42 Pa.C.S.A. 1121(c). The legislation, however, vests in the General Division jurisdiction to hear, inter alia, **both** summary and misdemeanor traffic offenses:

> The General Division shall exercise full jurisdiction of the municipal court under section 1123(a)(relating to jurisdiction and venue).

42 Pa.C.S.A. 1121(b). Since section 1123(a) includes jurisdiction over misdemeanor and summary traffic offenses, the General Division has jurisdiction over both types of cases. See 42 Pa.C.S.A. 1123(a)(2) and 42 Pa.C.S.A. 1123(a)(9).

Thus, the legislature created a statutory scheme in which the General Division would hear those cases in which the Commonwealth charged a

- 6 -

defendant with both summary and misdemeanor traffic offenses and the Traffic Division would hear those cases in which the Commonwealth only charged a defendant with a summary offense.

In this case, the Commonwealth charged the Appellee with both summary and misdemeanor traffic offenses and attempted to prosecute the charges separately. As discussed above, once the legislature abolished Traffic Court and transferred jurisdiction of summary traffic offenses to Municipal Court, one single court had jurisdiction to adjudicate both summary and misdemeanor traffic offenses. There is nothing in the legislation that limits Municipal Court's authority to hear both types of cases. Thus, Rule 110 mandates that the Commonwealth prosecute both types of offenses together in Municipal Court.

The Majority Opinion, when addressing the jurisdictional bar, interprets the legislation that abolished traffic court as vesting exclusive jurisdiction to hear summary offenses in Traffic Division. I disagree. There is no provision in the legislation that vests exclusive jurisdiction in the Traffic Division. In fact, the clear and unambiguous language of the legislation does the opposite. It vests in the General Division the jurisdictional authority to adjudicate both types of charges. In other words, the legislation devises a statutory scheme in which the Traffic Division adjudicates cases in which the Commonwealth is only prosecuting summary traffic offenses and the General Division when the Commonwealth is prosecuting summary and misdemeanor traffic offenses.

The Majority Opinion in concluding that the Traffic Division has exclusive jurisdiction over summary traffic offenses also relies upon the authority of the Supreme Court "by general rule provide for the assignment and reassignment of classes of matters among several courts of this Commonwealth and the magisterial district judges as the needs of justice shall require . . ." 42 Pa.C.S.A. 503(a).[2] The Majority Opinion argues that the Supreme Court, through the Pennsylvania Rules of Criminal Procedure, assigned the summary traffic offenses to the Traffic Division of Municipal Court. Pa.R.Crim.Pro. 1001(A). In particular, the Majority Opinion relies upon the definition of a "Municipal Court Case" which includes "any offense under the Vehicle Code other than a summary offense." The comment to the rule provides that summary traffic offenses "are under the jurisdiction of the Municipal Court Traffic Division …" Pa.R.Crim.P. 1001(D), cmt.

As discussed above, I respectfully disagree with the Majority's interpretation of these provisions as vesting in the Traffic Division exclusive jurisdiction over summary traffic offenses. First, such an interpretation is contrary to the clear and unambiguous language of the statute that vests in the General Division the authority to adjudicate both summary and misdemeanor offenses. Since the legislature vested jurisdiction of summary offenses in both the General Division and Traffic Division, there is no

---

[2] We note that 503(b) also requires the Chief Justice of the Supreme Court to report such rules to the General Assembly for approval either by vote or failure to vote.

statutory basis to interpret this rule and comment as vesting exclusive jurisdiction in the Traffic Division.

Moreover, the better interpretation is that the comment addresses those cases in which the Commonwealth has only charged the defendant with a summary offense and the Traffic Division is the appropriate division to hear the summary traffic offense.

I also respectfully disagree with the Concurring Opinion and its reliance on Section 112(1). As an initial matter, the Concurring Opinion interprets Section 112(1) expansively and in such a way as to limit an accused rights set forth in the Section 110. It is well established that we should interpret ambiguities in statutes in the light most favorable to the accused. **Commonwealth v. Fithian**, **supra** at 74.

In particular, the Concurring Opinion argues that since the Commonwealth prosecuted the defendant in the Traffic Division of Municipal Court and the judges in the Traffic Division only have the authority to hear summary offenses, the Traffic Division lacked the jurisdiction to hear the misdemeanor and the exception to the compulsory joinder rule set forth in Section 112(1) applies.

Section 112(1) applies when "the former prosecution was before a **court** which lacked jurisdiction over the defendant or the offense." (emphasis added). In this case, the legislature clearly granted to **Municipal Court** jurisdiction over both summary and misdemeanor traffic offenses. 42 Pa.C.S.

1123(a). Thus, the prosecution of the summary offense in the Traffic Division was a prosecution before **Municipal Court,** which had jurisdiction to hear both types of offense, and Section 112(1) does not apply.

The Concurring Opinion further relies on the fact that the judges in the Traffic Division lacked the authority to hear misdemeanor offenses and concludes that this limited authority of the judges is a sufficient jurisdictional bar to permit separate prosecutions. Although the judges in the Traffic Division have limited authority, Section 112(1) applies only when the "court," and not "division of a court," lacked jurisdiction to hear the prior prosecution. As discussed throughout, Municipal Court always had jurisdiction to hear both types of cases.

The reason the Commonwealth prosecuted the summary offenses separately from the misdemeanor offense is not based on any jurisdictional bar. Rather, it is based on the administration of Municipal Court erroneously listing summary traffic offenses separately from misdemeanor traffic offenses. As a result of this administration decision, the defendant is deprived of his right in Section 110 to be prosecuted in one proceeding for multiple offenses arising from the same criminal episode. For this reason, I respectfully dissent.

In conclusion, I find that Section 110 applies to this case and would affirm Appellee's Motion to Dismiss.

PJE Bender and Judge Lazarus join this dissenting opinion.